UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL BECKERMEISTER and
JORDAN BECKERMEISTER,

Plaintiffs,

v.

CITY OF FRESNO, FRESNO POLICE
DEPARTMENT, M. ALVAREZ, and
JUSTIN BARONI,

Defendants.

Case No.  1:24-cv-00629-KES-HBK

ORDER DISREGARDING STIPULATION
FOR DISMISSAL WITH PREJUDICE OF
DEFENDANTS M. ALVAREZ AND JUSTIN
BARONI FROM COMPLAINT

(Doc. 23)

SEVEN (7) DAY DEADLINE

On September 29, 2023, Plaintiffs Michael Beckermeister and Jordan Beckermeister commenced a three-count Complaint in Fresno Superior Court against Defendants City of Fresno, Fresno Police Department, M. Alvarez, and Justin Baroni.  (Doc. 1 at 7-17,[1] Exhibit B).  Prior to removal, Defendants City of Fresno, M. Alvarez, and Justin Baroni filed an Answer to Plaintiffs' Complaint.  (*Id.* at 19-25, Exhibit C).  On May 29, 2024, Defendants City of Fresno, M. Alvarez, and Justin Baroni removed this action from Fresno Superior Court to this Court.  (Doc. 1 at 1:23-24).

////

[1] All document and page numbers are to the respective pleadings' document number and page number as reflected on the Court's Case Management and Electronic Filing System (CM/ECF).

On April 10, 2026, Plaintiffs and Defendants City of Fresno, M. Alvarez, and Justin Baroni filed a "Stipulation for Dismissal with Prejudice of Defendants M. Alvarez and Justin Baroni from Complaint." (Doc. 23, "Stipulation"). The Stipulation is signed by counsel for Plaintiffs and counsel for Defendants City of Fresno, M. Alvarez and Justin Baroni. (*Id*. at 3). The Stipulation, citing to Federal Rules of Civil Procedure 41(a)(1)(A)(ii), recognizes the dismissal with prejudice of Defendants M. Alvarez and Justin Baroni from this action, as well as the dismissal of Plaintiffs' fourth claim for relief—punitive damages against Defendants Alvarez and Baroni.[2] (*Id.* at 2:9, 2:14-16). The Stipulation is not signed on behalf of Defendant Fresno Police Department.

Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure provides that a "plaintiff may dismiss an action without a court order by filing a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994); *Kelly v. Wengler*, 822 F.3d 1085, 1095 (9th Cir. 2016). "As the express language of this rule indicates, for a dismissal under Rule 41(a)(1)(ii) to be effective, all parties who have appeared must sign the stipulation." *Aswad v. ACA Receivables, L.L.C.*, No. CIV F 06-0835 AWI LJO, 2007 WL 427591, at *1 (E.D. Cal. Feb. 7, 2007); *see also Gen. Star Indem. Co. v. First Am. Title Ins. Co. of Napa*, No. 20-CV-03210-TSH, 2021 WL 3729316, at *5 (N.D. Cal. Aug. 6, 2021), *report and recommendation adopted,* No. 20-CV-03210-CRB, 2021 WL 3727107 (N.D. Cal. Aug. 23, 2021).

Defendant Fresno Police Department is not listed as a signatory to the Stipulation. Notably, neither the Notice of Removal nor the Answer were filed on behalf of Fresno Police Department. (*See* Doc.1 at 1 (stating "PLEASE TAKE NOTICE that defendants CITY OF FRESNO ("CITY"), M. ALVAREZ, and JUSTIN BARONI (hereinafter as "Defendants") hereby remove, to this Court, the state court action described below . . . ."); Doc. 1 at 19 (stating "Defendants CITY OF FRESNO ("CITY"), M. ALVAREZ, and JUSTIN BARONI (hereinafter as "Defendants") hereby Answers plaintiffs' Complaint . . . ")). Nevertheless, in the Joint

---

[2] *See* Complaint (Doc. 1 at 17:17).

Scheduling Report, counsel represented that "Defendants City of Fresno, Fresno Police Department, M. Alvarez, and Justin Baroni ("Defendants") are represented by attorneys Mildred K. O'Linn, Lynn Carpenter, and Maya R. Sorensen of the law firm Manning & Kass Ellrond Ramirez Trester LLP." (*See* Doc. 8 at 2:4-6).[3]  Further, in contradiction to the Notice of Removal and Answer, the Joint Report states "Defendants filed an answer in superior court on behalf of all named defendants and removed the case to the U.S. District Court for the Eastern District of California.  All named defendants have thus made an initial appearance in this court and the case is at-issue." (*See* Doc. 8 at 2:9-10).  Thus, it appears that the Fresno Police Department has made an appearance in this action.  Because the Stipulation is not signed on behalf of the Fresno Police Department, the Stipulation is not signed "by all parties who have appeared" and consequently is not effective.

Additionally, consistent with Local Rule 270, the Case Management and Scheduling Order directed the parties to "submit  a Joint Settlement Statement indicating whether they have engaged in settlement discussions or mediation and/or whether they request they request the Court to set a settlement conference." (Doc. 11 at 4-5).  Such report was due no later than April 10, 2026. (Doc. 20 at 2:11-12).  No timely report has been filed.

Accordingly, it is ORDERED:

1. The Court DISREGARDS the "Stipulation for Dismissal with Prejudice of Defendants M. Alvarez and Justin Baroni from Complaint."  (Doc. 23).

2. Within seven (7) days of the date of this Order, the Parties may refile a "Stipulation for Dismissal with Prejudice of Defendants M. Alvarez and Justin Baroni from Complaint" if it is signed by all parties who have appeared, including the Fresno Police Department, unless the Parties contend that the Fresno Police Department has not appeared in this action.

3.  Within seven (7) days of the date of this Order, the Parties shall file a Joint Settlement

---

[3] Despite this representation, counsel has consistently signed all pleadings only on behalf of Defendnats City of Fresno, M. Alvarez, and Justin Baroni.  (*See* Docs. 1 at 3; 1 at 25; 3 at 2; 8 at 8; 12 at 22; 16 at 2; 19 at 8; and 23 at 3).

Statement to advise the Court of the status of settlement efforts, if any.


Dated:　　April 21, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE